# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RODNEY HARRIS,** | ) | **CASE NO. 1:05 CV 1834** |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is the Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Rodney Harris ("Motion") **(ECF No. 1)**. On August 2, 2005, the government filed a response brief. *ECF No. 4,* ("Response"). On August 12, 2005, Harris filed a reply. *ECF No. 5,* ("Reply"). For the following reasons, the Motion is **DENIED**.

## I.

On July 27, 2004, Harris was convicted, pursuant to a guilty plea under a written plea agreement, of one count of conspiracy to possess with the intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. *See Case No. 1:03 CR 308; ECF Nos. 244,* ("Judgment and Commitment"), *158* ("Plea Agreement"). On the same day, he was sentenced to 70 months' imprisonment, the low end of the Guidelines range for offense level 27, Criminal History Category I (70-87 months), followed by three years of supervised release and a $100

special assessment fee. *Judgment and Commitment*, at 1-4; *Case No. 1:03 CR 308; ECF No. 243, Minutes of Criminal Proceedings, Sentencing*, at 1. As part of the written plea agreement, Harris expressly agreed to waive his right to challenge his conviction or sentence collaterally through a post-conviction proceeding under 28 U.S.C. § 2255, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. *Plea agreement* ¶ 13.

## II.

In his first ground for relief, Harris argues that his sentence was imposed in violation of the U.S. Supreme Court's ruling in *Booker* because he was sentenced under a mandatory Guidelines regime. *Motion, Attach. 1, Memorandum of Law in Support etc.* ("Memorandum"), at 1-2. Harris argues that this claim is actually an ineffective assistance of counsel claim because counsel was ineffective for failing to raise this claim on direct appeal. *Reply,* at 8-11. He claims that counsel's ineffectiveness constitutes cause and prejudice for failing to raise this claim on direct appeal. *Id*. at 8.

In his second ground for relief, Harris argues that trial counsel was ineffective for failing to raise and preserve a claim at sentencing that Harris was sentenced under a mandatory and unconstitutional sentencing scheme. *Motion*, at 1. He argues that, but for counsel's failure to raise this claim at sentencing, he would have the opportunity for a lower sentence under an advisory Guidelines regime. Harris also states that if the Court had agreed that a lower sentence was appropriate under an advisory scheme, prejudice would be shown. *Memorandum*, at 16.

Importantly, Harris requests that the Court vacate its sentence "only if this court believes it would resentence Harris under an advisory guideline system and 18 U.S.C. § 3553(a) to a term of less than 70 months." *Reply.* at 1.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id*. To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Harris must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694). A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). As to the second "prejudice" prong, the Supreme Court has stated that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The *Strickland* standard applies to guilty pleas as well. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the guilty plea context, the first *Strickland* element is the same. *Griffin*, 330 F.3d at

736. However, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Griffin*, 330 F.3d at 737 (citing *Hill*, 474 U.S. at 58-59).

### III.

The government makes a number of cogent arguments in its response to Harris's motion. The government alleges that Harris waived his right to assert a *Booker* claim in his plea agreement; *Booker* does not apply retroactively to cases on collateral review; an objection to the Court's application of the then-mandatory Guidelines would have violated the terms of the plea agreement; and counsel's failure to raise a *Booker* objection at sentencing was not constitutionally deficient because counsel cannot be faulted for failing to foresee *Booker*. *Response,* at 6, 10, 14.

The Court need not address these arguments because a review of the record indicates that the district court[1] pronounced an identical alternative sentence in the event the Guidelines would be held unconstitutional. *Judgment and Commitment,* at 6 (imposing an alternative sentence of 70 months' imprisonment, 3 years of supervised release, and a $100 special assessment fee); *Case No. 1:03 CR 308; ECF No. 420, Transcript of Sentencing Hearing,* ("Sentencing Hr'g Tr."), at 6. Before providing this alternative sentence, the district court stated as follows: "Now, in light of the

---

[1] On February 9, 2005, Harris's criminal case (Case No. 03-CR-308-10) was transferred from the docket of Judge Matia to the undersigned. *ECF No. 346.* Judge Matia had imposed the sentence on Harris.

current state of the law, the Court will impose an alternative statutory sentence in the event that the guidelines are held to be unconstitutional." *Sentencing Hr'g Tr.,* at 6.

Although the district court did not provide an alternative sentence in the event the Guidelines were deemed advisory only, "the refusal to give a lower sentence [in the absence of the Guidelines] precludes any fair inference that it would give a lower sentence [in the context of an advisory Guidelines system]." *United States v. Christopher,* 415 F.3d 590 (6th Cir. 2005) (stating that the district court would have *more* discretion to depart downward in the absence of the Guidelines than it would in the context of an advisory Guidelines system). As the government aptly notes, even if Harris could show that counsel's failure to object constituted ineffective assistance, Harris cannot establish resulting prejudice because the district court's alternative sentence was identical to the sentence actually imposed upon Harris. *Response,* at 15.

### IV.

The Court's review of the § 2255 Motion, the record in the underlying criminal case and the law plainly dictate that Harris is entitled to no relief in the district court. Accordingly, Petitioner Rodney Harris's Motion Under 28 U.S.C. § 2255 to Vacate and Correct Sentence **(ECF No. 1)** is hereby **DENIED**.

**IT IS SO ORDERED.**

                                           /s/ Dan Aaron Polster     8/24/2005
                                           **Dan Aaron Polster**
                                           **United States District Judge**